NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NAQUEEN UNIQUE ZAIRE,

    Petitioner,

v.

RONALD CHARLES, et al.,

    Respondents.

Civil Action No. 25-2117 (MAS)

OPINION

**SHIPP, District Judge**

This matter comes before the Court on the habeas petition filed by Petitioner Naqueen Unique Zaire, on behalf of her son, Knowledge Zaire, who is currently detained in the Essex County Correctional Facility. (ECF No. 1.) This Court issued an Order to Show Cause directing Petitioner to show why her petition should not be dismissed (ECF No. 3), to which Petitioner responded. (ECF Nos. 4-5.) For the following reasons, Petitioner's habeas petition shall be dismissed.

**I.    BACKGROUND**

Petitioner is the mother of Knowledge Zaire, an individual currently criminally detained in Essex County pending criminal charges. (*See* ECF No. 1 at 8.) Knowledge was appointed a public defender, who informed Petitioner that Knowledge would be pleading not guilty to the charges on March 21, 2025. (*Id.*) Petitioner contends that Knowledge suffers from schizophrenia, is incompetent to stand trial, and is otherwise unable to litigate on his own behalf. (*See* ECF No. 4 at 1-2.) Petitioner also provides documents from mental health professionals confirming this

diagnosis and Knowledge's history of treatment. (ECF No. 4-2 at 3-11.) In her habeas petition, Petitioner: (1) seeks to challenge the state court's jurisdiction to pursue charges against Knowledge; (2) seeks to raise a speedy trial challenge; (3) argues that Petitioner should be held in a mental health facility rather than a jail; and (4) seeks to raise conditions of confinement claims in which she asserts that Knowledge's rights under the constitution, state law, and the ADA are being violated by an alleged lack of treatment at the facility in which he is detained. (ECF No. 1 at 10-12.) Petitioner does not clearly detail or elaborate on what treatment is needed, what treatment is being provided in the jail, or how the current course of treatment is inadequate beyond asserting that Knowledge's mere presence in a jail rather than a mental health facility is itself proof of a lack of treatment. (*Id.*)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2241(c), a federal court has jurisdiction over a habeas petition and habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.    DISCUSSION

In her current petition, Petitioner seeks to challenge her son's ongoing criminal detention based on jurisdictional and speedy trial grounds. Even assuming, *arguendo*, that Petitioner has provided sufficient evidence to support the representation of her son on next friend grounds, this

Court has limited authority to interfere in ongoing state criminal proceedings. Although § 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees, "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n.5 (3d Cir. 1975)). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit has thus held that while federal courts may have jurisdiction to hear habeas challenges brought by state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." *Moore*, 515 F.2d at 443. In the absence of extraordinary circumstances, which do not include the premature litigation of defenses in federal court prior to a state court criminal trial, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.*

Here, Petitioner seeks to challenge her son's confinement on speedy trial and jurisdictional grounds, as well as on grounds related to his alleged incapacity, all of which are issues that can and should be fully litigated in state court and may not be prematurely raised in this Court prior to proper exhaustion through the ordinary criminal processes. *Id.* Thus, absent proper exhaustion of those claims in state court, this Court cannot interfere in ongoing state criminal proceedings in Knowledge's case. Petitioner contends in her response to the Court's Order to Show Cause that her claims should be considered exhausted because she submitted two "state court habeas petitions" which were neither filed nor considered on the merits in the state courts. The exact

3

nature of those filings, however, is unclear. The steps Petitioner details for the filing of her alleged habeas petitions—the mailing of a very small amount of money and documents to the state attorney general—hardly comply with state court criminal filing rules. In any event, it is unlikely that the state courts would be willing to consider such filings made by a detainee's mother in a case in which the detainee is represented by appointed counsel.

A habeas petitioner cannot exhaust his claims by presenting them "in a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Instead, a claim can only be properly exhausted by fairly presenting the claim, in a procedural context in which its merits will be considered, to all three levels of the state court system. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010); *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). As it is clear that Petitioner has not presented her claims to all three levels of the state court system, and instead presented them only in a questionable format in which their merits would not be considered by the state courts, Petitioner's claims are still unexhausted, and this Court must decline to consider those claims at this time. *Moore*, 515 F.2d at 443. Petitioner's habeas claims must therefore be dismissed without prejudice.

In addition to her habeas claims challenging Petitioner's detention, Petitioner also raises several civil rights claims related to her son's conditions of confinement – specifically the alleged lack of sufficient medical care. Conditions of confinement claims, however, must generally be raised in a separate civil rights proceeding, subject to the full applicable filing fees for such an action, and such claims are "cognizable in [a habeas proceeding] '*only in extreme cases.*'" *Folk v. Warden Schuykill FCI*, No. 23-1935, 2023 WL 5426740, at *1-2 (3d Cir. Aug. 23, 2023) (quoting *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020)). Outside of rare and extreme circumstances—such as the nationwide, novel pandemic facing the courts in *Hope*—

such claims cannot be raised in a habeas proceeding. *Id.* As Petitioner has not shown that her son's case involves the sort of extreme circumstances that would permit her conditions of confinement claims to be brought in her habeas proceeding, those claims must be dismissed without prejudice at this time. Petitioner is free, however, to refile her conditions of confinement claims on behalf of her son in a separate civil rights action.

IV.     **CERTIFICATE OF APPEALABILITY**

Because Petitioner's habeas petition challenges her son's detention, which "arises out of process issued by a State court," she may not appeal the dismissal of her habeas petition unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n.3 (D.N.J. June 3, 2008). In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition for failure to exhaust or show exceptional circumstances, Petitioner's petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

## V. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; and she is **DENIED** a certificate of appealability. An order consistent with this Opinion will be entered.

                                                                                                     _____
                                                                                                     **MICHAEL A. SHIPP**
                                                                                                     **UNITED STATES DISTRICT JUDGE**

Dated: October 16, 2025